UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **PATRICK WILDER INVESTMENTS, LLC**<br>137 Nottingham Lane<br>Moultrie, GA 31788<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**OAKES FARMS, INC.**<br>C/O Francis A. Oakes<br>Registered Agent<br>7695 Santa Cruz Court<br>Naples, FL 34109<br><br>　　　　Defendant. | CASE NO.:<br><br>JUDGE: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Patrick Wilder Investments, LLC ("Plaintiff") brings this civil action against Defendant Oakes Farms, Inc. ("Defendant") for money damages, and alleges as follows:

### I.　　JURISDICTION

1. Federal Question Jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499(b) ("PACA"). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) and ancillary jurisdiction to hear and determine all related state-based claims.

### II.　　VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that Defendant's principal place of business is in this district and Defendant conducts business in this district.

### III. PARTIES

3. Plaintiff is a Georgia limited liability company with its principal place of business in Moultrie, Georgia, and is engaged in the business of growing and packing wholesale quantities of fresh perishable agricultural commodities ("Produce").

4. Defendant is a Florida corporation with its principal place of business in Immokalee, Florida. Defendant was at all times relevant herein acting as a dealer and commission merchant of wholesale quantities of Produce and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq.*, ("PACA"). Defendant maintains U.S. Department of Agriculture PACA License Number 20040644 in good and active standing.

### IV. GENERAL ALLEGATIONS

5. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

6. Plaintiff and Defendant agreed that Defendant would sell the Produce grown, harvested, and packed by Plaintiff, including the commodities traditionally grown by Plaintiff and red "Fresno" peppers not traditionally grown by Plaintiff but specifically requested by Defendant.

7. To induce Plaintiff to grow the Fresno peppers, Defendant told Plaintiff that it had specialized customers for the peppers and a specialized marketing program.

8. Defendant agreed to market all Fresno peppers grown by Plaintiff, as Plaintiff had no other means of marketing the specialty commodity.

9. Defendant advanced monies to Plaintiff for seed and other startup costs prior to the Spring, 2018 planting, and provided Fresno pepper seed to Plaintiff as it was not otherwise readily available.

10. The Produce was grown and packed in Moultrie, Georgia.

11. Once the harvested Produce was packed, it was transferred to Defendant and stored until sold by Defendant. *See* Invoices attached hereto as Exhibit A.

12. In exchange for selling the Produce, the Parties agreed that Defendant would receive a seven percent (7%) commission on the sales, plus reimbursement of reasonable costs, if any, and advances, and remit net proceeds to Plaintiff.

13. Defendant agreed to sell Plaintiff's Produce for the best possible prices based on market conditions.

14. In some instances, Defendant quoted Plaintiff prices that it would achieve for particular Produce.

15. Throughout 2018, the U.S. Department of Agriculture issued Terminal Market Price Reports. The USDA Market Reports reflect actual sales and data for Produce sold at specific times and in specific geographic areas. *See* exemplar USDA Market Reports attached hereto as Exhibit B.

16. USDA Market Report prices and Defendant's quoted prices, where applicable, show that Plaintiff's Produce harvested in Spring, 2018 should have sold for at least $491,755.70. *See* Statement of Account attached hereto as Exhibit C and Invoices attached hereto as Exhibit A.

17. What Defendant actually sold the harvested Produce for, if anything, is unknown as Defendant has failed to provide Plaintiff an accounting of its sale of the Produce.

18. Defendant also sold and did not return 393 pallets which belonged to Plaintiff and are valued at $7.00 each, or $2,751.00 in total. *See* Exhibit C hereto.

19. To date, Defendant has made only two $50,000.00 payments to Plaintiff for its Produce.

20. Plaintiff duly harvested, packed, and transferred at least 33 loads of Produce to

Defendant, and otherwise fully complied with all terms of the Parties' agreement.

21. Defendant received and accepted the harvested Produce from Plaintiff.

22. Despite instructing Plaintiff to grow approximately 640 boxes worth of Fresno peppers, Defendant refused to accept 225 boxes worth of Fresno peppers.

23. Because there was no other means available to Plaintiff to market the Fresno peppers, approximately 225 boxes worth of the peppers valued at $29.00 per box died in the field and/or had to be dumped.

24. Defendant failed to sell Plaintiff's harvested Produce at market prices.

25. Defendant failed to sell Plaintiff's harvested Produce for the best possible prices or agreed prices.

26. Defendant failed to provide Plaintiff with an accounting of the sale of Plaintiff's harvested Produce.

27. Defendant failed to remit full, prompt payment to Plaintiff for the harvested Produce.

28. Defendant has failed to remedy its breaches and violations of the Parties' agreement or make Plaintiff whole.

29. For the Spring, 2018 season, Defendant is in default to Plaintiff in the principal amount of at least $401,031.70 reflecting the USDA Market Report value of the harvested Produce plus the value of the 225 boxes of Fresno peppers and the 393 pallets, minus the two payments made to Plaintiff. *See* Statement of Account attached hereto as Exhibit C.

30. Defendant knew at the time of its agreement with Plaintiff that Plaintiff also planted a crop in the Fall, 2018 season, and that to do so Plaintiff needed the sales proceeds from the Spring, 2018 season.

31. Because Defendant failed to remit the proceeds of the sale of the Spring, 2018 Produce to Plaintiff, Plaintiff was unable to buy seed and pay other startup costs to plant the Fall, 2018 crop.

32. As a result, Plaintiff could only lease his land to another grower for the Fall, 2018 season in exchange for $7,000.00.

33. Had Plaintiff been able to grow Produce in Fall, 2018, it would have, at a minimum, grown the same volume of Produce which it harvested in Spring, 2018.

34. The USDA Market Report value of the Fall, 2018 Produce, had it been grown, was $483,813.50. *See* Statement of Account attached hereto as Exhibit D.

35. Due to Defendant's breaches and violations of the Parties' agreement, Plaintiff suffered financial losses in the Fall, 2018 season of at least $476,813.50 ($483,813.50 - $7,000.00).

36. Because Defendant failed to remit the proceeds of the sale of the Spring, 2018 Produce to Plaintiff, Plaintiff lost the use of said money and had to borrow from a line of credit to make good on its own financial obligations, incurring interest charges of $11,373.21, which sum continues to accrue.

37. Defendant has failed and refused to remit full payment promptly for the Produce it ordered, received, and accepted from Plaintiff, despite due demand.

38. Plaintiff is an unpaid creditor and supplier of perishable agricultural commodities as those terms are defined under PACA.

39. The pallets, interest charges, and related amounts are sums owing in connection with the Produce transactions between Plaintiff and Defendant.

## V. CLAIMS FOR RELIEF

### COUNT I
### (Unfair Conduct 7 U.S.C. §499b)

40. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

41. Defendant has failed and refused without reasonable cause to pay Plaintiff the principal amount of at least $401,031.70 reflecting the USDA Market Report/quoted value of the Produce harvested in Spring, 2018, plus the value of the 225 boxes of Fresno peppers and the 393 pallets, minus the two payments made to Plaintiff, which sum is unpaid and overdue to Plaintiff.

42. Defendant's failure to pay has resulted in Plaintiff suffering additional financial losses totaling at least $488,186.71 reflecting the loss of all Fall, 2018 Produce and interest charges incurred to borrow from Plaintiff's line of credit, which sum is unpaid by Defendant.

43. By failing to remit payment to Plaintiff, Defendant has failed to make full payment promptly to Plaintiff, despite due demand.

44. By failing to sell the Produce at the market prices reflected by the USDA Market Reports or at the prices it quoted to Plaintiff, Defendant has failed to satisfy its express or implied duties to Plaintiff.

45. To date, Defendant has failed to submit to Plaintiff a settlement statement, account statement, or any other record of its sale of Plaintiff's Produce, and has otherwise failed and refused to truly and correctly account to Plaintiff.

46. By failing to achieve the best prices available for Plaintiff's Produce, despite its agreement otherwise, Defendant has made false and misleading statements to Plaintiff.

47. Defendant's actions and inactions constitute "unfair conduct" and are violations of PACA (7 U.S.C. §499b) and PACA Regulations 7 C.F.R. §46 *et seq*.

48. As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered damages.

## COUNT II
### (Action on Account/Breach of Agreement)

49. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

50. Defendant agreed to sell Plaintiff's Produce for the best market prices available in exchange for a sales commission.

51. Plaintiff performed all aspects of the agreement.

52. Defendant received and accepted the harvested Produce, and sold it, but failed to achieve the best market price available, as reflected by its deficient and missing payments to Plaintiff.

53. Defendant has failed and refused to pay Plaintiff the balance owed, and the time to do so has passed.

54. Despite due demand and presentment, Defendant is in default to Plaintiff on all amounts unpaid and outstanding.

55. Defendant breached the agreement by failing and refusing to pay Plaintiff the principal amount of at least $394,506.70, reflecting the difference between what Plaintiff should have been paid for its harvested Produce in the Spring, 2018 season and what Plaintiff was actually paid, plus the value of the 393 pallets which were taken from and not returned to Plaintiff.

56. Defendant's breach of the agreement and failure to pay Plaintiff in Spring, 2018 resulted in the further financial losses including the loss of the entire Fall, 2018 crop and interest charges, together totaling $488,186.71 and growing.

57. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered

damages.

## COUNT III
### (Breach of Agreement – red Fresno peppers)

58. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

59. Defendant represented to Plaintiff that it had a specialized customer base and a specialized program for marketing Fresno peppers, a commodity not traditionally grown by Plaintiff.

60. In exchange for growing Fresno peppers for Defendant, Defendant agreed to market all of Plaintiff's Fresno peppers pursuant to its program.

61. To induce Plaintiff to grow the Fresno peppers, Defendant provided the Fresno pepper seed.

62. Plaintiff planted Defendant's seed, grew the Fresno peppers, and performed all aspects of the agreement.

63. Plaintiff harvested some of the Fresno peppers, which Defendant received and accepted, and those peppers are accounted for in Count II above.

64. Partway through the Spring, 2018 season Defendant instructed Plaintiff to permanently stop harvesting Fresno peppers because it was unable to market the peppers as it had agreed.

65. Because Fresno peppers are a specialty crop, Plaintiff had no other means to market or sell the peppers.

66. Defendant breached the agreement by failing and refusing to accept and market the Fresno peppers grown by Plaintiff specifically for Defendant.

67. Defendant is in default on the parties' agreement regarding the Fresno peppers, and

the time to cure the default has passed.

68. Defendant's breach of the agreement and failure to accept and market the Fresno peppers resulted in financial losses to Plaintiff of $6,525.00 based upon USDA Market Report prices for Fresno peppers during the season [225 boxes * $29.00 (average price)].

69. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages.

## COUNT IV
### (Conversion and Unjust Enrichment)

70. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

71. Defendant has converted to its own use and benefit, the harvested Produce and pallets supplied by Plaintiff to Defendant, and/or the proceeds therefrom, valued in an amount at least $394,506.70.

72. If Defendant is allowed to convert and/or use such goods and/or proceeds therefrom, Defendant will be unjustly enriched to the detriment of Plaintiff.

73. In the event an agreement between Defendant and Plaintiff does not exist, Defendant has been unjustly enriched by obtaining a benefit from Plaintiff by fraud, duress, and/or undue advantage.

74. As a direct and proximate result of Defendant's wrongful conversion or retention of funds due to the Plaintiff, Defendant has been unjustly enriched, and Plaintiff has been damaged in an amount of at least $394,506.70.

## COUNT V
### (Negligent Misrepresentation)

75. Plaintiff incorporates each and every allegation set forth in the preceding

paragraphs as if fully rewritten herein.

76.     As a marketer of Produce and Produce dealer, commission merchant, and/or wholesaler, Defendant had a duty to be honest, truthful, and accurate in its statements and representations to Plaintiff, a Produce grower.

77.     Prior to agreeing to market its Produce through Defendant, Defendant, its agents, and representatives, made false statements and representations of material fact to Plaintiff including: that it had sufficient retail customers to sell Plaintiff's Produce; that it had sufficient manpower to timely sell all of Plaintiff's Produce; that it had the knowledge, skill, ability, and resources to sell Plaintiff's Produce before it began deteriorating; that it had a specialized customer base and program for marketing red Fresno peppers; and other statements and representations.

78.     Upon information and belief, Defendant believed these statements and representations were true, but they were actually false.

79.     Defendant was negligent because, among other things, it should have known these statements and representations were false.

80.     Defendant intended to induce Plaintiff to rely on the false statements and representations so that Plaintiff would supply Defendant with Produce and Defendant could make commissions.

81.     Plaintiff did rely on Defendant's false statements and representations.

82.     Plaintiff did supply Defendant with Produce, including but not limited to red Fresno peppers.

83.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff respectfully prays that this Court issue an Order:

a. granting judgment in favor of Plaintiff and against Defendant in the principal amount of at least $889,218.41 together with pre-judgment interest and attorneys' fees;

b. granting Plaintiff reasonable costs and expenses, including accrued interest and attorneys' fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable herein.

*/s/ Matthew A. Dooley*
Matthew A. Dooley
*Counsel for Plaintiff Patrick Wilder Investments, LLC*

Respectfully submitted,

O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO., LPA

*/s/ Matthew A. Dooley*
Matthew A. Dooley (19293)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel: 440-930-4001
Fax: 440-934-7208
Email: mdooley@omdplaw.com
*Counsel for Plaintiff Patrick Wilder Investments, LLC*