```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PATRICK WILDER INVESTMENTS,
LLC,

    Plaintiff,

v.                             Case No:  2:19-cv-74-FtM-29MRM

OAKES FARMS, INC.,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss First Amended Complaint, or Alternatively, For More Particular Statement (Doc. #16) filed on April 1, 2019. Plaintiff filed a Memorandum in Opposition (Doc. #19) on April 15, 2019. For the reasons that follow, the motion is granted in part and moot in part.

### I.

**A. The Parties**

Plaintiff, Patrick Wilder Investments, LLC, is a Georgia limited liability company engaged in the business of "growing and packing wholesale quantities of fresh perishable agricultural commodities." (Doc. #15, p. 1.) Defendant, Oakes Farms, Inc., is a Florida corporation that acts as a dealer and commission merchant of wholesale quantities of produce. (Id. p. 2.)

**B. Factual Background**

According to the First Amended Complaint, plaintiff and defendant entered into an agreement whereby defendant would sell produce grown, harvested, and packed by plaintiff. (Id.) Such produce included the commodities traditionally grown by plaintiff, as well as red "Fresno" peppers specifically requested by defendant. (Id.) The agreement provided that in exchange for selling the produce, defendant would receive a sales commission and reimbursement for reasonable costs. (Id. pp. 2-3.) Defendant also agreed to sell plaintiff's produce for the best possible prices based on market conditions. (Id. p. 3.)

Prior to the Spring 2018 planting, defendant advanced monies to plaintiff for seed and other startup costs, and also provided Fresno pepper seeds. (Id. p. 2.) Plaintiff grew the produce in Moultrie, Georgia and then transferred it to defendant to be stored until sold. (Id.) Plaintiff provided over thirty loads of produce to defendant worth nearly $500,000. (Id. pp. 3-4.) However, defendant has only made two $50,000 payments to plaintiff, and has also failed to provide plaintiff with a full and complete accounting of the sale of plaintiff's produce. (Id. p. 4.)

**C. Procedural Background**

Plaintiff initiated this action in February of 2019 and filed its First Amended Complaint on March 25, 2019, raising the following three claims against defendant: Count One, unfair

conduct under 7 U.S.C. § 499b; Count Two, breach of agreement; and Count Three, conversion and unjust enrichment. (Id. pp. 4-8.) The first paragraph of the General Allegations and the first paragraph in each of the three counts "incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein." (Id. ¶¶ 5, 31, 43, 55.)

On April 1, 2019, defendant filed the motion to dismiss now before the Court. (Doc. #16.) The motion seeks dismissal, or in the alternative, a more particular statement, based on (1) shotgun pleading and (2) a failure to allege fraud with particularity. (Id. pp. 1-4.)

**II.**

**A. Legal Standards**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned,

3

the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**B. Whether Counts Two and Three Qualify as Shotgun Pleading**

Defendant argues Counts Two and Three of the First Amended Complaint should be dismissed, or alternatively, plaintiff should be required to state the claims with more particularity, because the complaint is a quintessential shotgun pleading. (Doc. #16, pp. 2-4.) As noted previously, the First Amended Complaint alleges

three claims and each claim incorporates the allegations set forth in the preceding paragraphs. (Doc. #15, pp. 4-7.) Defendant argues that such a pleading is improper and leaves the defendant and the Court guessing how the claims relate to each other. (Doc. #16, pp. 3-4.) Having reviewed the First Amended Complaint, the Court agrees. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing four types of shotgun pleadings, the most common of which "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint").*

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #16) is **GRANTED** and Counts Two and Three of the First Amended Complaint are **dismissed without prejudice** to filing a Second Amended Complaint within **Fourteen (14) days** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   29th   day of April, 2019.

---

* The Court's determination on this issue moots defendant's alternative argument that Count Three fails to allege fraud with particularity. (Doc. #16, p. 4.)

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record